IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01599-BNB

STEPHAN DARRIS,

      Plaintiff,

v.

D/S BRUNNING, in his individual & official capacity,
D/S PETIT, in his individual & official capacity,
D/S AUHMILLER, in his individual & official capacity,
D/S MAZEI, in his individual & official capacity,
D/S HERNANDEZ, in his individual & official capacity,
D/S SMITH, in his individual & official capacity,
D/S ROMERO, in his individual & official capacity,
D/S KEENAN, in his individual & official capacity, and
D/S SWIFT, in his individual & official capacity,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Stephan Darris, is an inmate at the Denver Detention Center in Denver, Colorado. Mr. Darris has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Darris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Darris will be ordered to file an amended Prisoner Complaint if he wishes to pursue all of his claims in this action.

The court has reviewed the Prisoner Complaint and finds that it is deficient because the specific claims for relief Mr. Darris is asserting are not clear and he fails to allege specific facts in support of each of his claims to demonstrate that his constitutional rights have been violated.  Mr. Darris asserts three numbered claims for relief in the Prisoner Complaint.  The first claim is asserted against Defendants D/S Brunning, D/S Auhmiller, and D/S Mazei.  Mr. Darris alleges in support of his first claim that these three Defendants violated his Eighth Amendment rights by identifying Mr. Darris as a snitch to other inmates.  Mr. Darris also alleges within his first claim in the Prisoner Complaint that Defendant Mazei violated his First Amendment rights by throwing out his kosher food tray and disrespecting his religious beliefs.

Mr. Darris asserts his second claim in the Prisoner Complaint against Defendant D/S Hernandez.  Construing the Prisoner Complaint liberally, Mr. Darris appears to allege in support of his second claim that Defendant Hernandez violated his Eighth Amendment rights by harassing him about his sexual orientation.

In his third claim for relief in the Prisoner Complaint, Mr. Darris alleges that Defendant D/S Petit, along with several unnamed guards, came to his cell and took his radio and batteries even though he had permission to have the radio and had advised D/S Romero that guards would try to take his radio.  Mr. Darris also alleges within his third claim for relief that Defendants D/S Smith and D/S Keenan do not walk on their shifts as required and that Defendant D/S Swift refuses to allow him to access the law library and treats inmates differently.  It is not clear how the confiscation of Mr. Darris' radio and batteries is related, if at all, to the alleged failure of Defendants Smith and Keenan to walk on their shifts as required or Defendant Swift's actions in denying Mr.

2

Darris access to the law library and treating inmates differently.  As a result, it is not clear whether Mr. Darris' third claim for relief actually is one claim or, perhaps, as many as three separate and distinct claims.

Assuming Mr. Darris is asserting three separate and distinct claims for relief within the third numbered claim in the Prisoner Complaint, he also fails to allege specific facts in support of each of these claims that demonstrate his constitutional rights have been violated by each named Defendant.  For example, although Mr. Darris apparently asserts his property deprivation claim against both Defendants Petit and Romero, it is not clear what Defendant Romero did that allegedly violates Mr. Darris' constitutional rights.  With respect to the alleged failure of Defendants Smith and Keenan to walk on their shifts as required, which Mr. Darris contends violates his Eighth Amendment rights, Mr. Darris fails to allege facts that demonstrate deliberate indifference to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Finally, with respect to Defendant Swift's alleged denial of access to the law library and treating inmates differently, Mr. Darris fails to allege specific facts that demonstrate his constitutional right of access to the courts has been violated, *see Lewis v. Casey*, 518 U.S. 343, 349-55 (1996), or how he has been treated differently than any similarly situated inmates in violation of his right to equal protection, *see Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

Therefore, Mr. Darris will be ordered to file an amended pleading that clarifies the claims he is asserting in this action.  Mr. Darris is advised that his amended Prisoner Complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Specifically, Rule 8(a) provides that a complaint "must contain (1) a

3

short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order to state a claim in federal court, Mr. Darris "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Darris file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Darris shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Darris fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED July 13, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge