IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01599-BNB

STEPHAN DARRIS,

    Plaintiff,

v.

DENVER SHERIFF DEPT.,
GARY WILSON, individual & official capacity,
CAPTAIN BLAIR, individual & official capacity,
CAPTAIN BRUNNING, individual & official capacity,
DEPUTY MAZZAIE, individual & official capacity,
DEPUTY KEENAN, individual & official capacity,
MAJOR THAN, individual & official capacity, and
CHIEF HORNER, individual & official capacity,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Stephan Darris, is an inmate at the Denver Detention Center in Denver, Colorado. Mr. Darris initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. On July 13, 2012, the court ordered Mr. Darris to file an amended complaint that clarifies the specific claims for relief he is asserting and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 17, 2012, Mr. Darris filed an amended Prisoner Complaint (ECF No. 13).

    The court has reviewed the amended Prisoner Complaint and finds that the amended Prisoner Complaint remains deficient. However, because it appears that Mr.

Darris has made a good-faith effort to comply with the court's prior order, he will be given another opportunity to file a pleading that clarifies the specific claims for relief he is asserting and that complies with the pleading requirements of Rule 8.

As Mr. Darris was advised previously, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The amended Prisoner Complaint Mr. Darris has filed fails to set forth a short and plain statement of his claims showing that he is entitled to relief because he still fails to identify the specific claims he is asserting against each Defendant and he fails to allege what each Defendant did that allegedly violated his rights. Although Mr. Darris asserts specific claims against Captain Blair, Deputy Mazzaie, and Deputy Keenan, it is not clear what claim or claims, if any, he is asserting against the Denver Sheriff's Department, Gary Wilson, Captain Brunning, Major Than, and Chief Horner.

In addition, with the exception of claim 3, Mr. Darris fails to specify when the alleged violations of his rights occurred. For example, Mr. Darris alleges in his first claim that he was denied kosher meals and the opportunity to fast on religious fast days but he fails to specify the dates on which these incidents occurred. Similarly, Mr. Darris alleges in his second claim for relief that he was forced to suffer needlessly on two

separate occasions after suffering seizures, but he fails to allege the dates of the seizures.

For these reasons, Mr. Darris will be directed to file a second amended pleading if he wishes to pursue his claims in this action. Mr. Darris is advised that the second amended complaint he files must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Some of the named Defendants are supervisory officials. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Darris must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a Defendant may not be held liable for the

unconstitutional conduct of his or her subordinates on a theory of respondeat superior.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.  Accordingly, it is

ORDERED that Mr. Darris file, **within thirty (30) days from the date of this order**, a second amended Prisoner Complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Darris shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Darris fails to file a second amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 19, 2012, at Denver, Colorado.

                                            BY THE COURT:

                                             s/ Boyd N. Boland
                                            United States Magistrate Judge