IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01599-BNB

STEPHAN DARRIS,

    Plaintiff,

v.

D/S MAZZAIE, individual & official capacity,
D/S KEENAN, individual & official capacity,
D/S BLAIR, individual & official capacity,
D/S McCALL, individual & official capacity,
D/S CHIEF HORNER, individual & official capacity,
D/S MAJOR THAN, individual & official capacity, and
SHERIFF GARY WILSON, individual & official capacity,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Stephan Darris, is an inmate at the Denver Detention Center in Denver, Colorado. Mr. Darris initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On September 17, 2012, Mr. Darris filed an amended Prisoner Complaint (ECF No. 13). On September 19, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Darris to file a second amended complaint that clarifies the claims he is asserting in this action. On October 5, 2012, Mr. Darris filed a second amended Prisoner Complaint (ECF No. 17).

    Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second amended Prisoner Complaint because Mr. Darris is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to §

1915A(b)(1), the Court is required to dismiss the second amended Prisoner Complaint, or any portion of the second amended Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the second amended Prisoner Complaint in part as legally frivolous.

The Court must construe the second amended Prisoner Complaint liberally because Mr. Darris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Darris asserts six claims for relief in the second amended Prisoner Complaint. The Court will address in this order only Mr. Darris' sixth claim for relief that is asserted against D/S Chief Horner and D/S Major Than. Mr. Darris alleges in support of his sixth claim that these two Defendants have violated his constitutional rights because they have failed to respond to either his appeals from his disciplinary convictions or the grievances he has filed regarding his other claims in this action.

Mr. Darris' claim against Defendants Horner and Than is legally frivolous. Mr. Darris does not have a constitutional right to appeal from a disciplinary conviction. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (summarizing necessary

procedures for prison disciplinary proceedings).  Mr. Darris also does not have a constitutional right to file an administrative grievance.  *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (noting that various circuits have held "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure).  Therefore, Mr. Darris' constitutional claim against Defendants Horner and Than, which are based solely on their alleged failure to respond to disciplinary appeals and grievances, lack merit.  Because the sixth claim in the second amended Prisoner Complaint is the only claim asserted against Defendants Horner and Than, they will be dismissed as parties to this action.

The Court will not address at this time the merits of Mr. Darris' first five claims in the second amended Prisoner Complaint.  Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C.  Pursuant to D.C.COLO.LCivR 40.1C.1., the case will be assigned to Judge Robert E. Blackburn and to Magistrate Judge Craig B. Shaffer.  Accordingly, it is

ORDERED that the sixth claim for relief in the second amended Prisoner Complaint is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that D/S Chief Horner and D/S Major Than are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be assigned to Judge Robert E. Blackburn pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Craig B. Shaffer.

DATED at Denver, Colorado, this  23rd  day of      October      , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court